UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| SERGIO TORRES<br><br>Plaintiff,<br><br>v.<br><br>WILCIN ENTERPRISES, INC.<br><br>Defendant. | Case No.: 6:20-cv-906 |

**- COMPLAINT AND DEMAND FOR JURY TRIAL -**

Plaintiff SERGIO TORRES by and through the undersigned counsel, hereby files this Complaint against the above-named Defendant, WILCIN ENTERPRISES, INC.

**NATURE OF THE CASE**

1. This is an action brought by Plaintiff SERGIO TORRES, (hereafter "Plaintiff") against his former employer, Defendant WILCIN ENTERPRISES, INC. (hereafter referred to as "Defendant") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. Plaintiff performed work for Defendant in excess of forty hours in a workweek for which he was not compensated at one-and-a-half times his regular rate of pay.

3. Defendant had a practice of accumulating Plaintiff's overtime hours (and at times providing compensatory time off) instead of compensating overtime hours at a rate of 1.5 times Plaintiff's regular rate of pay.

4. Consequently, Defendant was not fully compensating overtime hours as required by the FLSA.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue is proper in the Orlando Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Orange County has the greatest nexus with the cause because it is where Plaintiff mostly provided services.

## PARTIES

7. Plaintiff, SERGIO TORRES, a resident of Volusia County, was a former employee of Defendant who worked at WILCIN ENTERPRISES, INC.

8. Defendant WILCIN ENTERPRISES, INC. operates a maintenance company under the fictitious name Protect Maintain and Enhance (PME).

9. Defendant WILCIN ENTERPRISES, INC. is a corporation organized and existing under and by virtue of the laws of Florida.

## COVERAGE

10. Defendant WILCIN ENTERPRISES, INC. is an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

11. Defendant WILCIN ENTERPRISES, INC. is engaged in commerce as defined by 29 U.S.C. § 203, *inter alia*, by accepting payment from its customers through the use of credit cards, wire transfers and/or checks from banks located outside the state of Florida. Defendant also purchases maintenance materials, supplies and equipment, manufactured across state lines, for the purpose of performing maintenance and repairs.

12. Defendant hosts one or more internet sites viewed by potential customers across state lines, and/or sends faxes, emails, and other communications across state lines.

13. Upon information and belief, Defendant's annual gross volume of sales exceeded $500,000/year at all relevant times.

14. Defendant WILCIN ENTERPRISES, INC. is an employer within the definition of the FLSA, 29 U.S.C. § 203.

15. During the term of his employment, Plaintiff SERGIO TORRES was engaged in commerce and was therefore subject to the individual coverage of the FLSA. 29 U.S.C. § 206.

16. The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendant.

17. Plaintiff was a covered employee for purposes of the FLSA pursuant to 29 U.S.C. § § 207 and 206.

## FACTUAL BACKGROUND

18. Plaintiff SERGIO TORRES was employed by Defendant WILCIN ENTERPRISES, INC. from June 2016 to March 2020.

19. Plaintiff held a maintenance technician position at the time of separation.

20. Plaintiff's duties included performing repairs and maintenance.

21. Plaintiff was an hourly employee at the time of separation.

22. Plaintiff's last hourly rate was $22.00 per hour. Additionally, he was paid a higher hourly rate for specific duties.

23. During the time that Plaintiff held the maintenance technician position, Plaintiff was classified as non-exempt.

24. Plaintiff did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

25. During most of the time that Plaintiff held the maintenance technician position, Plaintiff was not paid overtime compensation.

26. Usually, Defendant WILCIN ENTERPRISES, INC. did not include overtime hours in the payroll check but rather accumulated the time for possible subsequent compensatory time off.

27. As a maintenance technician, it is estimated that Plaintiff worked 5 hours of overtime per week but was not paid overtime compensation.

28. Due to the open and documented practices of accumulating hours, omitting overtime hours from payroll checks, and compensatory time, Defendant WILCIN ENTERPRISES, INC. was aware that Plaintiff was working over forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

29. Defendant's actions were willful and/or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

30. Plaintiff's time and payroll records (including the hours worked in each workweek) should be in Defendant's custody and control, pursuant to 29 C.F.R. § 516. However, the accuracy, completeness, and sufficiency of such records is unknown at this time.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

31. Plaintiff SERGIO TORRES re-alleges and incorporates the allegations contained in Paragraphs 1 through 30 above.

32. Defendant WILCIN ENTERPRISES, INC. failed to pay Plaintiff properly for all hours worked in excess of forty (40) hours in a workweek in compliance with the FLSA.

33. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

34. As a result of Defendant's willful violation of the FLSA, Plaintiff SERGIO TORRES is entitled to damages, liquidated damages, pre-judgment interest, attorney's fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SERGIO TORRES respectfully requests judgment against Defendant WILCIN ENTERPRISES, INC., and the following damages:

a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

c. Pre-judgment interest;

d. Attorneys' fees and costs as provided by 29 U.S.C. § 216(b);

## DEMAND FOR JURY TRIAL

35. Plaintiff requests a jury trial to the extent authorized by law.

Dated: May 26, 2020                                    Respectfully submitted,

**CYNTHIA GONZALEZ P.A.**
3980 Tampa Rd.
Suite 205
Oldsmar, Florida 33677
Telephone: 813.333.1322
Toll free: 888.WagesDue
Fax: 813.603.4500
WagesDue.com

s/ Cynthia Gonzalez
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff
cynthia@wagesdue.com