# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SERGIO TORRES,**

        **Plaintiff,**

**v.**                                                       **Case No:  6:20-cv-906-Orl-37DCI**

**WILCIN ENTERPRISES, INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Joint Motion to Approve Settlement and to Dismiss with Prejudice (Doc. 21)** |
| **FILED:** | **August 5, 2020** |
| **THEREON** it is **Recommended** that the motion be **GRANTED**. | |

### I. Background

In May 2020, Plaintiff brought this action against Defendant for failure to pay overtime wages in violation of the Fair Labor Standards Act (FLSA). Doc. 1. The parties proceeded to mediation and, the day after the mediation, filed a joint notice stating that the case settled. Doc. 20. Subsequently, the parties filed a joint motion to approve their settlement, to which they attached their settlement agreement. Docs. 21 (the Motion); 21-1 (the Agreement). Under the Agreement, Plaintiff will receive $1,300.00 in unpaid wages, $1,300.00 in liquidated damages, $2,745.00 in attorney fees, and $455.00 in costs. Doc. 21-1. The parties argue that the Agreement

represents a reasonable resolution of Plaintiff's FLSA claims, a compromise of disputed amounts, and the parties request that the Court grant the Motion and dismiss the case with prejudice. Doc. 21.

**II. Law**

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1]  *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Before approving an FLSA settlement, the Court must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

In addition to the foregoing factors, the Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3]  The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

**III.    Discussion**

**A.  The Settlement**

The parties assert that the Agreement reflects a reasonable resolution of the disputed issues in this case, as well as compromise of a disputed amount.  Doc. 21.  The parties have been represented by counsel throughout this case, engaged in settlement discussions, and proceeded to mediation.  *Id*.  Plaintiff will receive damages as part of the settlement in the amount of $1,300.00 plus an equal amount of liquidated damages, for a total of $2,600.00.  *Id*.  It is worth noting that in his answers to the Court's interrogatories, Plaintiff asserted that the total amount of wages owed was $1,210.00 and an equal amount of liquidated damages (for a total of $2,420.00).  Doc. 19.  So, it appears that Plaintiff may have recovered more in wages and liquidated damages than he initially estimated, although the undersigned notes that Plaintiff made allowances for the fact that more wages might be owed after the review of Defendant's records.  *Id*.  The undersigned finds that the

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.  *See* 11th Cir. R. 36-2.

amount agreed upon is a fair and reasonable compromise based on the parties' representation in the Motion, noting also the early stage at which this case settled and the Plaintiff's initial estimates of his claim. Therefore, it is **RECOMMENDED** that the Court find that the settlement is a fair and reasonable resolution of Plaintiff's FLSA claims.

### B. The Other Terms of the Agreement

Upon review of the Agreement, the undersigned finds that the Agreement does not contain a general release, confidentiality provision, non-disparagement clause, an allowance for written modifications, or other potentially problematic contractual provision sometimes found in proposed FLSA settlement agreements. Accordingly, it is **RECOMMENDED** that the Cout find that the terms of the Agreement do not affect the reasonableness of the settlement.

### C. Attorney Fees and Costs

Plaintiff's counsel will receive $2745.00 in attorney fees, and $455.00 in costs for representing Plaintiff in this case. Doc. 21. The parties state that the attorney fees were independently and separately negotiated, and the Court notes the facial reasonableness of the fee recovery, especially in relation to the amount of wages initially sought and ultimately recovered. *Id*. The settlement is reasonable to the extent previously discussed, and the parties' foregoing statement adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Therefore, it is **RECOMMENDED** that the Court find the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

### IV.  Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 21) be **GRANTED**;

2. The Court find the Agreement (Doc. 21-1) to be a fair and reasonable settlement of Plaintiff's claims under the FLSA;

3. The case be **DISMISSED with prejudice**; and

4. The Clerk be directed to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 31, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties